IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

    Plaintiff,

v.                                                     No. 23-cv-1000 JB\JHR

KEVIN QUIGLEY, *et al*,

    Defendants.

## ORDER TO FILE ANSWER AND *MARTINEZ* REPORT

This matter is before the Court on Plaintiff's Prisoner Civil Rights Complaint (Doc. 1-1) (Complaint). Plaintiff is incarcerated and *pro se*. He alleges, inter alia, that prison officials violated his due process rights by fabricating a misconduct report. *See* Doc. 1-1 at 3-8. Plaintiff also raises claims for cruel and unusual punishment and violations of state tort law. The Complaint names: (1) Kevin Quigley; (2) John Rich; (3) David Fajardo; (4) German Franco; and (5) the New Mexico Corrections Department (NMCD). Those Defendants have all appeared in this case through counsel, Brenden Murphy.

Having reviewed the matter *sua sponte* pursuant to 28 U.S.C. § 1915A, the Court finds the Complaint survives initial review. The Tenth Circuit has previously reversed a screening dismissal where, as here, Plaintiff raised 42 U.S.C. § 1983 claims based on the denial of due process in a prison disciplinary proceeding. *See Franklin v. Anaya,* 2023 WL 6060560, at *1 (10th Cir. Sept. 18, 2023). The Court therefore finds further record development is necessary to adjudicate the claims. Defendants must file an answer to the Complaint **within thirty (30) days** after entry of this Order. To move the case forward, and in lieu of traditional discovery, the Court will also order a *Martinez* report. *See Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (citing

*Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978) and noting the *Martinez* report is "a court-authorized investigation and report by prison officials" aimed at ferreting out the "factual or legal bases for [the] claims."). The Court may use the *Martinez* report in a variety of procedural situations, including when deciding whether to grant summary judgment. *Id.* at 1109-13. Plaintiff will be given an opportunity to present conflicting evidence to controvert the facts set out in the report. *Id.* at 1109.

The *Martinez* report must address the allegations against Defendants as well as any defenses raised in their answer that they wish to pursue. The report must:

1) include a written brief that discusses Plaintiff's claims. Factual assertions in the briefs must be supported by proof, such as affidavits or documents. *See Hayes v. Marriott*, 70 F.3d 1144, 1147-48 (10th Cir. 1995). The brief can take the form of a memorandum in support of a summary judgment motion, if Defendants seek summary judgment on the claims;

2) state whether records pertaining to the allegations exist;

3) state whether policies or regulations addressing the allegations exist; and

4) include, as attachments, copies of the relevant records, policies, or regulations. The attachments should be arranged in a logical order and must be properly authenticated by affidavits. *See Farmers Alliance Mut. Ins. Co. v. Naylor*, 452 F. Supp. 2d 1167, 1176-77 (D.N.M. 2006). Any summary judgment brief/memorandum that accompanies the *Martinez* report must comply with Fed. R. Civ. P. 56.

Defendants must file the *Martinez* report of record and serve a copy on Plaintiff **within seventy-five (75) days** after entry of this Order. If Defendants seek summary judgment based on the *Martinez* report, they must file their motion for summary judgment by the same date. Plaintiff

must file his response or objections to the *Martinez* report **within thirty (30) days** after Defendants file the report of record.   If the *Martinez* report is accompanied by a motion for summary judgment, Plaintiff's response must also address that motion.   Defendants may file an optional reply **within fourteen (14) days** after Plaintiff files his response.

    **IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE